Natu J. Patel, SBN 188618
Daniel H. Ngai, SBN 302297
**THE PATEL LAW FIRM, P.C.**
22952 Mill Creek Drive
Laguna Hills, California 92653
Phone:      949.955.1077
Facsimile:  949.955.1877
NPatel@thePatelLawFirm.com

Attorneys for Plaintiff, Starbuzz Tobacco, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARBUZZ TOBACCO, INC., a California Corporation,<br><br>　　　　Plaintiff,<br>　vs.<br><br>BESTORE EUROPE HOLDING GMBH, a Switzerland limited liability company; JOYETECH USA, INC., a California corporation; MIST VAPOR USA, INC., a business entity form unknown; BESTORE INC., a California corporation; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No.: 8:17−cv−02039-DOC (DFMx)<br>**Honorable David O. Carter**<br><br>[Discovery Document:<br>Referred to Magistrate Judge<br>Douglas F. McCormick]<br><br>**PROTECTIVE ORDER GOVERNING DISCLOSURE OF CONFIDENTIAL INFORMATION** |

WHEREAS, Plaintiff Starbuzz Tobacco, Inc. ("Starbuzz"), on the one hand, and Defendants Bestore Europe Holding GMBH ("Bestore Europe"), Joyetech USA, Inc. ("Joyetech"), Bestore Inc. ("Bestore USA"), (collectively "Defendants") on the other hand (all of the above being, collectively, the "Parties"), believe that in the course of this action certain information, documents, and testimony likely to be disclosed and produced through discovery may constitute or incorporate confidential commercial information, research or development and/or trade secrets within the meaning of Federal Rule of Civil Procedure 26(c);

WHEREAS, the Parties believe that entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c) would best protect their interests while facilitating discovery in this action; and

WHEREAS, the Court finds good cause exists for the entry of this Protective Order in this action pursuant to Federal Rule of Civil Procedure 26(c) in order to protect confidential commercial information, research and development, and/or trade secrets.

IT IS HEREBY ORDERED, pursuant to Federal Rule of Civil Procedure 26(c), that this Protective Order shall govern the treatment and handling of any information produced or disclosed by any Party or non-Party ("the Producing Party") to this action, including without limitation, Rule 26 disclosures, documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admission, and testimony (such information and/or documents shall hereinafter be referred to as "Confidential Material") provided it is designated (or, within the appropriate time limitation, is pending designation) as being Confidential Material as required by this Protective Order.
It is further ordered that:

1. Any Producing Party may designate any Confidential Material as "CONFIDENTIAL" if such producing party in good faith believes that such Confidential Material contains confidential or proprietary information, including

information in written, oral, electronic, graphic, pictorial, audiovisual, or other form, whether it is a document, information contained in a document, item produced for inspection, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

2. Any Producing Party may designate any Confidential Material as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" if such producing party in good faith believes that such Confidential Material contains confidential, commercially sensitive, or proprietary information related to any of the following: technical data, research and development information, marketing or other business plans, product or service information, customer information, trade secrets, competitive information, or financial information of the Producing Party, including, without limitation, sales and cost information or any other information of such sensitivity to warrant "Confidential—Attorneys' Eyes Only" treatment, including, information in written, oral, electronic, graphic, pictorial, audiovisual, or other form, whether it is a document, information contained in a document, item produced for inspection, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

3. A Producing Party may designate any document or other tangible information or thing as "Confidential" or "Confidential—Attorneys' Eyes Only" by stamping a conspicuous place thereof with the legend CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY, respectively. For example, in the case of a document, a producing party may so mark the first page of a multipage document and each page thereafter that actually contains Confidential Material. In the case of other tangible items, a producing party may so mark any appropriate location. For example, in the case of a computer disk, a producing party may so mark the disk cover.

4. The terms of this Protective Order are applicable to Confidential Material produced by a non-party and designated "CONFIDENTIAL" or

"CONFIDENTIAL—ATTORNEYS EYES ONLY" only when the producing non-party has a proprietary interest or other right in such Confidential Material, or where the producing non-party is contractually obligated to maintain the confidentiality of such Confidential Material. A producing party may designate documents, information, or things disclosed at a deposition of a producing party or one of its present or former officers, directors, employees, agents, or independent experts retained for purposes of this litigation as "Confidential" or "Confidential—Attorneys' Eyes Only" on the record during the deposition; or by notifying all parties in writing of the specific item so designated, within twenty-one (21) days of receiving a copy of the deposition transcript, of the specific exhibits or lines and pages of the transcript that are believed in good faith to contain Confidential Material.

    a. If a producing party designates such materials as "Confidential" or "Confidential—Attorneys' Eyes Only" on the record, the court reporter shall indicate on the cover page of the transcript that the transcript includes Confidential or Confidential—Attorneys' Eyes Only information, shall list the pages and lines numbers and/or exhibits of the transcript on or in which such information is contained, and shall bind the transcript in separate portions containing Confidential, Confidential—Attorneys' Eyes Only, and non-Confidential material. Further, during the period in which such Confidential or Confidential—Attorneys' Eyes Only information is discussed during the deposition, any person present during the deposition who is not a Qualified Person, as defined below, or the court reporter, shall be excluded from that portion of the deposition.

    b. A deposition transcript and the exhibits thereto shall be presumed "Confidential—Attorneys' Eyes Only" in their entirety until twenty-one (21) days after receipt of the transcript by the producing party. If, after the deposition is taken, the producing party designates any portion

of the deposition transcript or exhibits as "Confidential" or "Confidential—Attorneys' Eyes Only" by giving written notice as described above, all persons receiving notice of such designation shall affix the same to the face of their copy or copies of the transcript. At the expiration of the twenty-one (21) day period, the transcript and exhibits shall automatically revert to non-Confidential status, except those portions that have been designated on the record or in writing as "Confidential" or "Confidential—Attorneys' Eyes Only." Nothing in this paragraph is intended to restrict any Party's right to attend depositions pursuant to paragraph 7 hereof.

  c. A non-producing party may designate documents, information, or things disclosed at a deposition as "Confidential" or "Confidential—Attorneys' Eyes Only" in the same manner as a producing party if it has a good faith basis for claiming a proprietary interest or other right in the Confidential Material.

  5. Material designated as "Confidential" or "Confidential—Attorneys' Eyes Only" under this Protective Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose, except that a Party may seek permission from another court to use Confidential Material produced under this Protective Order provided said Party gives advance notice to the parties whose materials are sought to be used and provided no disclosure of such Confidential Material is made until such other court grants the request for permission. The restrictions contained in this paragraph No. 5 may be modified by written agreement of the parties, but such modifications will not be considered part of this order unless approved by the Court. Nothing in this paragraph shall operate to bar motions in limine or similar

motion to exclude the use of any document in any action between the Parties on any appropriate and available basis.

6. Confidential Material produced pursuant to this Protective Order may be disclosed or made available only to the Court, to counsel for a Party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

    a. three officers or directors of Defendants, or full-time employees designated in writing as a representative of Defendants who have supervisory responsibility for this matter and is necessary to the prosecution, defense, or settlement of this action, namely: Davy Qian, Rebecca Zhang, and Fany Guo.

    b. three officers or directors of STARBUZZ, or full-time employees designated in writing as a representative of STARBUZZ who have supervisory responsibility for this matter and is necessary to the prosecution, defense, or settlement of this action, namely: Wael Elhalwani, Majda Haddoudi, and Zien Halwani;

    c. experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action, including outside photocopying, imaging, data base, graphics or design services retained by outside counsel in connection with this action;

    d. court reporter(s) employed in this action; and

    e. any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" defined in (a), (b), (c), and (d) above shall be provided with a copy of this Protective Order and shall execute and be bound by this Protective Order by signing a nondisclosure agreement in the form annexed hereto as Exhibit A, a copy of which shall be provided forthwith to counsel for each other party.

7. Subject to the Federal Rules of Civil Procedure and applicable law, depositions may be taken in the presence of any persons, including Parties, but any Party may request that (a) non-qualified persons leave the room for responses containing any Confidential Material; and (b) Parties leave the room for responses containing CONFIDENTIAL – ATTORNEYS' EYES ONLY information. No Party shall be entirely excluded from any deposition. This Order does not affect applicable law regarding the attendance of depositions by non-party persons, including potential witnesses.

8. Material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and the information contained therein, shall be disclosed only to the Court, to outside counsel for the Parties (including the paralegal, clerical, and secretarial staff employed by such counsel) and to the "qualified persons" listed in subparagraphs 6(c) through (e) above, but shall not be disclosed to a Party, or to an officer, director or employee or a Party, except as provided above or unless otherwise agreed in writing or ordered by the Court. If disclosure of Attorneys' Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

9. Copies of Confidential or Confidential—Attorneys' Eyes Only material may be submitted to the Court in connection with any proceedings, motions or hearings, provided that such materials are filed along with an application to have those materials filed under seal. The application must show good cause for the under seal filing. To the extent possible, only those portions of a filing with the Court that contain material designated as "Confidential" or "Confidential—Attorneys' Eyes Only" shall be filed under seal. To the extent that no Confidential or Confidential—Attorneys' Eyes Only information is disclosed, the parties may refer to, and quote from, documents designated as "Confidential" or "Confidential—Attorneys' Eyes Only" in pleadings, motions, briefs, affidavits, or exhibits filed with the Court, without the need to file such pleadings, motions,

briefs, affidavits, or exhibits under seal. A Party's counsel shall not unilaterally decide that material that the other Party designated as "Confidential" or "Confidential—Attorneys' Eyes Only" does not contain any Confidential or Confidential—Attorneys' Eyes Only information. If a Party's counsel disagrees with a designation, that counsel shall follow the procedures described in paragraph 11 of this Order to challenge the designation.

10. In the event that any Confidential Material is used in any court proceeding in this action, the Party using such material shall take all steps reasonably available to protect its confidentiality during such use.

11. At any stage of these proceedings, should any party object to a designation of any information, documents, or things as "Confidential" or "Confidential—Attorneys' Eyes Only," the Party shall provide written notice of its objection with the designation. The parties and/or the producing party shall first attempt to resolve such objection in good faith on informal basis. If the objection is not thereby resolved, the objecting Party may apply for a ruling from the Court pursuant to Local Rule 37 determining whether the materials in question are properly designated under the terms of this Protective Order. Until the Court makes such determination, all material designated as "Confidential" or "Confidential—Attorneys' Eyes Only" shall be treated as such.

12. Nothing in this Protective Order shall preclude any party to the lawsuit or their attorneys from:

    a. Showing materials designated as "Confidential" or "Confidential—Attorneys' Eyes Only" to an individual who either prepared or reviewed the document prior to the filing of this action, or is shown by the document to have received the document;

    b. Disclosing or using, in any manner or for any purpose, any information, documents, or things from the Party's own files that the Party

itself designated as "Confidential" or "Confidential—Attorneys' Eyes Only";

    c.    Disclosing or using, in any manner or for any purpose, any information, documents, or things that were obtained from a source other than discovery or to which a Party has a right of access independent of discovery, or that were already known to such Party by lawful means, prior to obtaining from or disclosure by, the other Party in the action, provided, however, that the alternate source of such information, documents or things was not under an obligation of confidentiality (as evidenced by a writing) to a Party in the litigation at the time such information, documents or things were obtained; or

    d.    Disclosing or using, in any manner or for any purpose, any information, document, or thing that is at the time of production or disclosure, or subsequently becomes, through no wrongful act or failure to act on the part of the receiving party, generally available to the relevant public through publication or otherwise or is already rightfully in the possession of the receiving party at the time of production; or

13. If either party is served with a subpoena or similar process, from any entity whatsoever, directing that Party to produce any materials designated as "Confidential" or "Confidential—Attorneys' Eyes Only" not so designated by that Party, the counsel for that Party shall immediately give counsel for the designating party written notice, by hand delivery or facsimile transmission, of the fact of such service so that the designating Party may seek a protective order or otherwise act to protect the confidentiality of the designated materials.

14. This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Protective Order nor the production of any information or document under the

-9-
Protective Order Governing Disclosure of Confidential Information

terms of this Protective Order nor any proceedings pursuant to this Protective Order shall be deemed to have the effect of an admission or waiver by either Party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any Party or the absence thereof.

15. This Protective Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Within thirty (30) days of the conclusion of this action, including any appeals, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such material contain Confidential Material, for the period of one (1) year. Any such archival copies that contain or constitute Confidential Material remain subject to this Protective Order.

16. The inadvertent or unintentional disclosure by the Producing Party of attorney-client privileged information or attorney work-product, either by way of document production or deposition testimony, shall not be deemed a waiver of privilege for such information, provided that the Producing Party promptly makes a good-faith representation that such production was inadvertent or mistaken and takes prompt remedial action to withdraw the disclosure. Within three (3) business days of receiving a written request to do so from the Producing Party, the Receiving Party shall return to the Producing Party any documents or tangible items that the Producing Party represents are covered by a claim of attorney-client privilege or work product immunity and were inadvertently or mistakenly produced. The receiving party shall also destroy any extra copies or summaries of,

or notes relating to, any such inadvertently or mistakenly produced information, and certifying compliance with this provision; provided, however, that this Protective Order shall not preclude the Party returning such information from making a motion to compel production of the returned information pursuant to Local Rule 37. The Producing Party shall retain copies of all returned documents and tangible items for further disposition and, if such a motion is filed, shall provide copies to the Court of the documents, item or information which is the subject of the motion. In the event that a Producing Party discovers in a deposition, inadvertently or unintentionally disclosed documents containing attorney-client privileged information or attorney work-product, the Producing Party may make a request on the record for the receiving party to return the documents or tangible items that the Producing Party represents 1) are covered by a claim of attorney-client privilege or work product immunity and 2) were inadvertently or mistakenly produced; in which event, the receiving party shall be precluded from deposing a witness with respect to such inadvertently or mistakenly produced documents, other than to explore the basis for a claim of privilege or work product.

17. The inadvertent or unintentional disclosure by the Producing Party of "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY", information either by way of document production or deposition testimony, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality as to the information disclosed. Any such inadvertently or unintentionally disclosed "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" information, not designated as such pursuant to paragraph 1 or 2, shall be designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY", as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional

disclosure and provides written notice to the Receiving Parties. The Receiving Party shall thereafter mark and treat the materials as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" as appropriate, and such materials shall be fully subject to this Protective Order as if they had been initially so designated.

18. This Protective Order is without prejudice to the right of any interested party to apply to the Court for an order permitting the disclosure of any "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" information, or to apply for an order modifying or limiting this Protective Order in any respect.

## **GOOD CAUSE STATEMENT**

19. In discovery in this case, the parties will be required to exchange competitively sensitive information about the opposing parties' business activities to which they and third parties would not otherwise have access, including information regarding the parties' business proprietary and/or confidential information. Allowing the parties or third parties to use such competitively sensitive information would cause harm to the competitive position of the disclosing party. The parties seek the entry of this Protective Order to prevent the unauthorized use or dissemination of confidential information produced in discovery during this action by competitors.

    a. No document, information, or thing shall be designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" unless good cause exists for such designation under the standards set forth in *Phillips v. G.M. Corp.*, 307 F.2d 1206, 1209 (9th Cir. 2002) and other relevant authority. Good cause exists for the designation of information as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" when the information has not been made public and falls into one of the categories identified in paragraph 2 hereof.

    b. Good cause exists for the designation of information as "CONFIDENTIAL" when the information has not been revealed to the public and the information falls into one of the categories identified in paragraph 1 hereof.

    c. The Parties shall use reasonable efforts to minimize the amount of material designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    d. This Protective Order applies to such "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information furnished in this litigation regardless of the form in which it is transmitted and regardless whether the information is furnished by a party or third party. Such information may be contained in documents, written discovery responses, declarations, deposition testimony, exhibits, and other materials or deposition testimony provided by any Party.

IT IS SO ORDERED at Santa Ana, California this 9th day of July, 2018.

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARBUZZ TOBACCO, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BESTORE EUROPE HOLDING GMBH, a Switzerland limited liability company; JOYETECH USA, INC., a California corporation; MIST VAPOR USA, INC., a business entity form unknown; BESTORE INC., a California corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 8:17−cv−02039-DOC (DFMx)<br>**Honorable David O. Carter**<br><br>**NON-DISCLOSURE AGREEMENT IN RE PROTECTIVE ORDER GOVERNING DISCLOSURE OF CONFIDENTIAL INFORMATION** |

## DECLARATION

I, _____, declare:

1. I reside at _____ I am employed as [state position] _____ by [name and address of employer] _____.

2. I am aware that an Protective Order dated _____ 2018 has been entered in Case No. 8:17−cv−02039-DOC (DFMx) in the United States District Court for the Central District of California. A copy of that Protective Order has been given to me.

3. I hereby certify that I am one of the persons allowed under paragraphs 6 or 8 of the Protective Order to receive access to information, documents, or things designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," respectively. I also agree to be bound by the terms of the Protective Order, specifically including the requirement that information, documents, and things I may receive that are designated as "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," and all copies, notes, summaries, and other records made regarding such information, documents, and things, shall be disclosed to no one other than persons specifically allowed by paragraphs 6 or 8 of the Protective Order, respectively, to have access to such information.

4. I agree to act in good faith in carrying out my duties under the Protective Order.

5. I understand that any use or disclosure by me which is contrary to my undertakings in this declaration will constitute a violation of the Protective Order and may subject me to sanctions by the Court for contempt.

6. I hereby consent the Court's continuing exercise of jurisdiction over me for the purpose of enforcing the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____       _____

Non-Disclosure Agreement In Re Protective Order Governing Disclosure of Confidential Information